930 F.2d 913
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James L. JORDAN, Sr., Defendant-Appellant.
 No. 90-5791.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 23, 1990.
Decided April 19, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. Elizabeth V. Hallanan, District Judge. (CR-89-238)
 Gregory S. Prudich, Sanders, Austin, Swope & Flanigan, Princeton, W. Va., for appellant.
 Michael W. Carey, United States Attorney, Hunter P. Smith, Jr., Assistant United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before DONALD RUSSELL and MURNAGHAN, Circuit Judges, and JAMES C. CACHERIS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 The appellant, who had pleaded guilty to conspiring to distribute cocaine, appeals from the failure of the district judge to grant him a two-level reduction for acceptance of responsibility in the guideline range for his offense. After his arrest, he was released on unsecured bond, subject to certain conditions or restrictions, among which were: (a) to restrict his travel to Southern West Virginia and Western Virginia; (b) to "refrain from excessive use of alcohol, and any use or unlawful possession of a narcotic drug and other controlled substances"; and (c) to "submit to random urine screenings by Pretrial Services."
 
 
 2
 The appellant had at his arraignment entered a plea of "not guilty." Later, however, he entered into a plea agreement under which he pleaded guilty to count one of the indictment (conspiracy to distribute cocaine) in return for the dismissal of the other two counts. On the same day that he entered into the plea agreement, the appellant was given a urine test. The test was positive for cocaine metabolite and carnaboid metabolite. At his sentencing, the district judge, after making appropriate findings as required by the Guidelines, refused any level reduction under Section 3E1.1(a) of the Sentencing Guidelines for acceptance of responsibility. The district judge based this conclusion on the presentence report of the urine test establishing that the appellant had, after his arrest and release on bond, "continued to possess and apparently abuse illegal substances, which would indicate a criminal conduct and association." She proceeded to sentence the appellant to imprisonment for a term of twelve months, to be followed by three years of supervised release.
 
 
 3
 Section 3E1.1(a) of the Federal Sentencing Guidelines allows a district court to award a two-level reduction in a defendant's offense level if the court finds that the defendant has accepted responsibility for the criminal conduct. Whether a defendant has accepted responsibility is a factual determination, subject to appellate review under a clearly erroneous standard. 18 U.S.C. Sec. 3742(a); United States v. White, 875 F.2d 427, 431 (4th Cir.1989). Here, the district judge found that the defendant's use of cocaine between his arrest and sentencing was inconsistent with acceptance of responsibility. See United States v. Jordan, 890 F.2d 968, 974 (7th Cir.1989) (it is "hard to see how his use of cocaine while awaiting sentencing for dealing in that drug is consistent with acceptance of responsibility for that crime"). The appellant, however, argues that he has a "drug dependency" which prevents him from ceasing voluntarily to use cocaine. The district judge refused to accept such an excuse for failure to demonstrate acceptance of responsibility under the standards of the Sentencing Guidelines. However, the sentence which the district judge did impose was extremely moderate and demonstrated considerable compassion for the defendant and his problem.
 
 
 4
 The denial of a two-level reduction for acceptance of responsibility and the judgment of conviction are
 
 
 5
 AFFIRMED.